UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDRE DILLARD,

      Petitioner,

v.                                                   Case No. 12-11108

MARY BERGHUIS,

      Respondent.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING WITHOUT PREJUDICE
PETITION FOR A WRIT OF HABEAS CORPUS
AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

This is a habeas action filed by a state prisoner under 28 U.S.C. § 2254. Michigan prisoner Andre Dillard, currently incarcerated by the Michigan Department of Corrections at the Alger Correctional Facility in Munising, Michigan, filed this *pro se* habeas petition challenging his state conviction for one count of assault with intent to rob while armed, following a one-day jury trial in the Third Judicial Circuit Court in Wayne County, Michigan. He was sentenced to ten-to-twenty years in prison for that conviction. In his pleadings, Petitioner raises a single claim concerning the sufficiency of the evidence. For the reasons stated below, the court concludes that Petitioner has not exhausted his state-court remedies and will dismiss, without prejudice, the habeas petition. The court also will decline to issue Petitioner a certificate of appealability.

**I. BACKGROUND**

Following his sentencing, Petitioner filed his direct appeal with the Michigan Court of Appeals, raising the same claim raised in this habeas petition. On March 10,

2011, the Court of Appeals issued an opinion affirming his conviction and sentence. *People v. Dillard*, No. 296132, 2011 WL 832948 (Mich. Ct. App. Mar. 10, 2011) (per curiam). In his habeas pleadings, Petitioner asserts that he retained counsel to file an application for leave to appeal that decision with the Michigan Supreme Court, but counsel failed to do so. Petitioner neither filed a petition for a writ of certiorari with the Untied States Supreme Court nor a motion for relief from judgment with the state trial court. Rather, on March 13, 2012, he filed this habeas petition, signed and dated March 7, 2012.

## II.  STANDARD

A petitioner applying for a writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all state remedies. 28 U.S.C. § 2254(b)(1)(A), (c); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). A court must dismiss a habeas petition containing claims that the petitioner has a right to raise in state court, but has not. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999) (citing *Gaylor v. Harrelson*, 962 F. Supp. 1498, 1499 (N.D. Ga. 1997)).

To fulfill the exhaustion requirement, a habeas petitioner must fairly present all of his claims to the state courts. *Slaughter v. Parker*, 450 F.3d 224, 235 (6th Cir. 2006) (citing *Whiting v. Burt*, 395 F.3d 602, 612 (6th Cir. 2005)). This means that a petitioner must have asserted in the state courts the factual and legal basis for each claim, *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans v. Brigano*,

228 F.3d 674, 681 (6th Cir. 2000)), and have identified each claim as a federal constitutional issue, *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). The petitioner has the burden of showing exhaustion. *Rust*, 17 F.3d at 160 (citing *Darr v. Burford*, 339 U.S. 200, 218-19 (1950)). The failure to exhaust state court remedies may be raised *sua sponte* by a federal court. *Benoit v. Bock*, 237 F. Supp. 2d 804, 806 (E.D. Mich. 2003) (citing *Prather v. Rees*, 882 F.2d 1418, 1422 (6th Cir. 1987)).

### III.  DISCUSSION

Petitioner has not met his burden of demonstrating exhaustion of his state-court remedies. In order for a petitioner to exhaust his claims in the Michigan state courts, he must present them to both the Michigan Court of Appeals and the Michigan Supreme Court. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). Petitioner admits that he did not exhaust his insufficient-evidence claim in the Michigan Supreme Court. Although he blames this failure on his attorney, the mere fact that appellate counsel neglected to pursue his claim on direct appeal does not excuse Petitioner from the exhaustion requirement when post-conviction review is still available. *See Brooks v. Bergh*, Civil No. 2:12-CV-10573, 2012 WL 530087, at *2 (E.D. Mich. Feb. 17, 2012) (citing *Gray v. Wingo*, 391 F.2d 268, 269 (6th Cir. 1967)).

Under the Michigan Court Rules, "Petitioner is entitled to return to the county circuit court and file a post-conviction, post-direct-appeal motion for relief from his judgment of conviction." *Wagner v. Smith*, 581 F.3d 410, 419 (6th Cir. 2009) (citing Mich. Ct. R. 6.502). The trial court's denial of such a motion is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court. Mich. Ct. R. 6.509. Thus,

in order to exhaust his sufficiency-of-the-evidence claim properly, Petitioner must first present it to the trial court in a motion for relief from judgment, and then he must appeal any denial of that motion to both the Michigan Court of Appeals and the Michigan Supreme Court. See Mohn v. Bock, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).[1] Because of Petitioner's failure to so exhaust, the court will dismiss the petition for habeas corpus without prejudice.

### III. CERTIFICATE OF APPEALABILITY

Before Petitioner may appeal this court's decision to dismiss the petition, a certificate of appealability must issue under 28 U.S.C. § 2253. Fed. R. App. P. 22(b)(1). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." R. Gov. § 2254 Cases 11(a).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal court denies a habeas claim on procedural grounds without addressing the merits of a petitioner's claim, a certificate of appealability should issue if it is shown that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Reasonable jurists could not debate whether the court was

---

[1] To obtain relief, Petitioner will have to show "good cause" for failing to raise his insufficient-evidence claim in an application for leave to appeal to the Michigan Supreme Court, coupled with "actual prejudice from the alleged irregularities that support [his] claim for relief." See Mich. Ct. R. 6.508(D)(3). However, he would have to make a similar showing here, if the court concluded that there was no state remedy to exhaust. Gray v. Netherland, 518 U.S. 152, 161-62 (1996).

correct in its procedural ruling, so the court declines to issue a certificate of appealability.

## IV.  CONCLUSION

For the reasons stated above, IT IS ORDERED that the petition for writ of habeas corpus [Dkt. # 1] is DISMISSED WITHOUT PREJUDICE.  The court makes no determination as to the merits of Petitioner's claim.

IT IS FURTHER ORDERED that the court DECLINES to issue Petitioner a certificate of appealability.

      s/Robert H. Cleland  
      ROBERT H. CLELAND  
      UNITED STATES DISTRICT JUDGE

Dated:  March 29, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 29, 2012, by electronic and/or ordinary mail.

      s/Lisa Wagner  
      Case Manager and Deputy Clerk  
      (313) 234-5522