UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDRE DILLARD,

        Petitioner,

v.                                                                                                Case Number: 2:12-CV-11108

THOMAS MACKIE,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DENYING CERTIFICATE OF APPEALABILITY**

Petitioner Andre Dillard filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, currently incarcerated at the Michigan Reformatory in Ionia, Michigan, challenges his conviction for assault with intent to rob while armed. Petitioner claims that habeas relief should be granted because insufficient evidence was presented to establish beyond a reasonable doubt that he specifically intended to rob the victim and the Michigan Supreme Court violated his rights to due process and equal protection when it denied a motion for superintending control. Respondent has filed a response arguing that the claims are unexhausted and without merit. The court denies the petition and declines to issue a certificate of appealability.

**I. BACKGROUND AND PROCEDURAL HISTORY**

On February 22, 2007, Richard Balzer, a detective with the Romulus Police Department, met with an informant who arranged for an individual known as "V" to purchase 10 pounds of marijuana from Detective Balzer for $6,500. Detective Balzer testified that he and the informant were supposed to meet "V" at a party store in

Romulus. After Detective Balzer and the informant arrived at the party store, the informant received a call to move the meeting to a gas station in Inkster, and then to a laundromat near the gas station. They arrived at the laundromat at approximately 8:15 p.m. Undercover officers followed Detective Balzer and the informant to their destination. They also monitored the conversation in the Detective Balzer's vehicle via an audio transmitter.

When Detective Balzer and the informant arrived at the laundromat, Petitioner and another man approached the vehicle. The other man, who identified himself as Johnson, entered the vehicle to inspect the marijuana. Johnson then exited the vehicle. Johnson and Petitioner stood outside the open passenger side front door. Detective Balzer asked for payment. Johnson told Petitioner to pay. Petitioner removed from his waistband what appeared to be a small handgun, ordered Detective Balzer out of the car, and threatened to kill him. Detective Balzer asked Petitioner why he had pulled a gun in order to alert the undercover officers of the situation. Detective Balzer removed his own weapon from the car door and exited the vehicle. The backup officers announced that they were police officers and ordered Petitioner to put his gun down. Petitioner fled into the laundromat.

Police officer Joshua Monte stated that he was one of the officers assigned to conduct visual and audio surveillance of Detective Balzer's operation. He saw Petitioner remove something from his waistband, then heard Detective Balzer ask why Petitioner had pulled a gun. Officer Monte then ran toward Petitioner, ordering him to drop the gun and get on the ground. Petitioner ran into the laundromat and locked himself in the bathroom. After ten minutes, Petitioner exited the bathroom and was

placed under arrest. Petitioner told Officer Monte that he did not have a gun, but, instead, had pretended his cell phone was a gun. Police searched Petitioner, the bathroom, and the surrounding area and no gun was found.

Petitioner was charged with carjacking, assault with intent to rob while armed, and attempted delivery of marijuana. Following a jury trial in Wayne County Circuit Court, Petitioner was convicted of assault with intent to rob while armed. He was acquitted of the remaining charges. On December 2, 2009, he was sentenced to ten to twenty years' imprisonment.

Petitioner filed an appeal of right in the Michigan Court of Appeals, raising a single claim: the evidence presented was insufficient to find that Petitioner had the intent to rob Detective Balzer. The Michigan Court of Appeals affirmed Petitioner's conviction. *People v. Dillard*, No. 296132, 2011 WL 832948 (Mich. Ct. App. March 10, 2011). Petitioner's application for leave to appeal in the Michigan Supreme Court was rejected for filing because it was not timely filed. *See* 11/20/13 Affidavit of Larry Royster, Clerk, Michigan Supreme Court.

On March 13, 2012, Petitioner filed a habeas corpus petition, arguing that his conviction was not supported by sufficient evidence. Because Petitioner had not exhausted his claim in state court by fairly presenting the claim to the Michigan Supreme Court, the court held the petition in abeyance to allow Petitioner to exhaust the claim. (Dkt. # 10.) On June 25, 2012, Petitioner filed in the Michigan Supreme Court a Complaint for Superintending Control, seeking an order compelling the Court of Appeals to reissue its decision in his case. The Michigan Court of Appeals did not accept the papers for filing because under state court rules superintending control is not available

3

when an appeal is available. *See* 6/29/12 Letter from Corbin R. Davis, Supreme Court Clerk. On September 21, 2012, Petitioner filed a motion to reopen the habeas proceeding and an amended petition, claiming to have exhausted his state court remedies. The court granted the motion and ordered Respondent to file an answer to the amended petition. (Dkt. # 13.)

The amended petition raises these claims:

I. The prosecutor presented insufficient evidence to support a finding beyond a reasonable doubt that Appellant specifically intended to rob the complainant and his assault with intent to rob while armed conviction on insufficient evidence denied Appellant his state and federal constitutional right to due process.

II. The clerk of the Michigan Supreme Court violated the Petitioner's constitutional rights to due process and equal protection of the law, when the Michigan Supreme Court clerk has granted state prisoners' and prosecutors' motions for superintending control where they could afford attorneys and hearings to expand the record and Petitioner is a [poor] prisoner that cannot afford such luxuries.

## II. STANDARD

28 U.S.C. § 2254(d) provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a

rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam), quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). "[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003), quoting *Williams*, 529 U.S. at 413. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011), quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87 (internal quotation omitted).

5

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams,* 529 U.S. at 412. Section 2254(d) "does not require citation of [Supreme Court] cases – indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). "[W]hile the principles of "clearly established law" are to be determined solely by resort to Supreme Court rulings, the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007), *citing Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002).

Lastly, a federal habeas court must presume the correctness of state court factual determinations. See 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

### III. DISCUSSION

#### A. Exhaustion of State Court Remedies

Respondent correctly notes that neither of the claims raised in the petition have been properly exhausted in state court. A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 generally must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one

6

complete round of the State's established appellate review process"). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. See *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). However, the exhaustion requirement is not jurisdictional, and the Court may decided an unexhausted claim where the unexhausted claim is plainly meritless, not cognizable on federal habeas review, or doing so is in the best interests of the parties and judicial economy. See *Granberry v. Greer*, 481 U.S. 129, 131, 134-35 (1987). The court will address the claims because they are plainly meritless.

### B. Sufficiency of the Evidence

Petitioner first argues that insufficient evidence was presented to sustain his conviction for assault with intent to rob because no evidence was presented to establish the element of intent.

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). On direct review, review of a sufficiency of the evidence challenge must focus on whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). "Two layers of deference apply to habeas claims challenging evidentiary sufficiency." *McGuire v. Ohio*, 619 F.3d 623, 631 (6th Cir. 2010), citing *Brown v. Konteh*, 567 F.3d 191, 204-05 (6th Cir. 2009). First, the Court "must determine whether, viewing the trial testimony and exhibits in the

light most favorable to the prosecution, *any rational trier of fact* could have found the essential elements of the crime beyond a reasonable doubt." *Brown*, 567 F.3d at 205, citing *Jackson,* 443 U.S. at 319 (emphasis supplied in *Brown*).  Second, if the Court were "to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, [the Court] must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable."  *Id.*

Under Michigan law, the essential elements of assault with intent to rob while armed, are:  "'(1) an assault with force and violence; (2) an intent to rob or steal; and (3) the defendant's being armed.'"  *People v. Akins*, 259 Mich. App 545, 554 (Mich. Ct. App. 2003), *quoting People v. Cotton*, 191 Mich. App 377, 391 (Mich. Ct. App. 1991).  The Michigan Court of Appeals held that sufficient evidence was presented to sustain the conviction:

> The jury heard testimony that defendant pointed an item that appeared to be a weapon at an undercover Romulus police officer and ordered him out of a vehicle while threatening his life.  This occurred immediately after defendant had been asked to pay $6,500 for a quantity of marijuana.
>
> Despite other possible reasons for why defendant demanded that the officer get out of the car, the jury made a reasonable inference that his threat evidenced an intent to steal, and that inference is sufficient to establish that element of the crime.  Defendant's brief proposes no alternate explanations for his intent in making the threat, but even if it did, it would not overcome the jury's reasonable interpretation of defendant's intent.  "Even in a case relying on circumstantial evidence, the prosecution need not negate every reasonable theory consistent with the defendant's innocence, but [need] merely introduce evidence sufficient to convince a reasonable jury in the face of whatever contradictory evidence the defendant may provide." *People v. Konrad*, 449 Mich. 263, 273 n. 6, 536 N.W.2d 517 (1995).  Because it is the trier of the fact's role to examine the evidence and make inferences based on that evidence, this Court must not overrule defendant's conviction.  "Once having found that the jury could reasonably draw the inferences that it did, and that the evidence, considered with those inferences, was sufficient to establish defendant's

> guilt beyond a reasonable doubt, the review of the appellate court is complete." *Hardiman*, 466 Mich. at 430-431, 646 N.W.2d 158.

*Dillard*, 2011 WL 832948 at *1.

"A reviewing court does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor has been observed by the trial court." *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003), (citing *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983)). "A reviewing court 'faced with a record of historical facts that supports conflicting inferences must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.'" *McDaniel v. Brown*, 558 U.S. 120, 133 (2010), (quoting *Jackson*, 443 U.S. at 326). The decision of the Michigan Court of Appeals easily passes scrutiny under the deferential AEDPA standard, as the appellate court applied the correct constitutional test, relied on facts amply supported in the record, and did not unreasonably apply clearly established constitutional law.

### C. State Court's Rejection of Petitioner's Complaint for Superintending Control

Petitioner's second habeas claim concerns the Michigan Supreme Court's refusal to accept for filing his Complaint for Superintending Control, submitted in June 2012. Petitioner argues that the Michigan Supreme Court's rejection of his pleading denied him his rights under the Equal Protection and Due Process Clauses because the state court regularly grants similar motions from non-indigent defendants. Petitioner provides only a bare allegation with no evidentiary support that non-indigent defendants' complaints for superintending control are treated differently by the Michigan Supreme Court.

The Sixth Circuit Court of Appeals has held that the "application of the doctrine of superintending control is clearly a matter of Michigan state law" unless the "alleged error rises to the level of violating the Due Process Clause." *Fondren v. Lecureux*, No. 93-1914, 1994 WL 508259, *3 (6th Cir. Sept. 16, 1994). "'Process is not an end in itself. Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement.'" *Id.* quoting *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983). The "substantive interest at stake in a habeas corpus petition is the right to a fundamentally fair trial." *Id.* A petitioner's claim concerning the state court's "use of an order of superintending control [has] no relationship to the substantive fairness of [the petitioner's] trial" and, consequently, raises no due process concerns. *Id.*

Petitioner's allegation that the state court's refusal to file his complaint for superintending control violated the Equal Protection Clause is also not cognizable on habeas review. Habeas corpus relief is available to a state prisoner "only on the ground that he is in custody in violation of the constitution or laws of treaties of the United States." 28 U.S.C. § 2254(a). Petitioner's claim that the Michigan Supreme Court improperly denied his complaint for superintending control is collateral to Petitioner's conviction and detention and therefore not cognizable under § 2254. *Kirby v. Dutton*, 794 F.2d 245, 247-48 (6th Cir. 1986).

### IV. CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the court "must

issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted). In this case, the court concludes that reasonable jurists would not debate the conclusion that the petition fails to state a claim upon which habeas corpus relief should be granted. Therefore, the court will deny a certificate of appealability.

## V. CONCLUSION

The decision of the Michigan state court was not contrary to clearly established federal law, an unreasonable application of clearly established federal law, or an unreasonable determination of the facts. Accordingly,

IT IS ORDERED that the petition for a writ of habeas corpus and a certificate of appealability are DENIED.

                                     S/Robert H. Cleland
                                     ROBERT H. CLELAND
                                     UNITED STATES DISTRICT JUDGE

Dated: June 30, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 30, 2015, by electronic and/or ordinary mail.

                                                      S/Lisa Wagner
                                                      Case Manager and Deputy Clerk
                                                      (313) 234-5522